Joice de Oliveira ESTEVES, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74489.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

R. Wayne McMillan, Law Office Of R. Wayne McMillan, Pasadena, CA, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Joice de Oliveira Esteves, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000), and deny the petition for review.

Even accepting Esteves' testimony as true, *see Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir.2004), substantial evidence supports the agency's denial of asylum because Esteves failed to show she was harmed in the past or has a fear of future persecution on account of an actual or imputed political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Cruz–Navarro*, 232 F.3d at 1030. Substantial evidence also supports the agency's finding that she did not have a well-founded fear of future persecution because Esteves was able to travel freely without interference from the Brazilian authorities. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir.2006).

Because Esteves failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour*, 390 F.3d at 673.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.